IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD G. ROSENE;
SHAUN L. ROSENE,

      Plaintiffs,                              No. 2:12-cv-336-MCE-EFB PS

  vs.

JP MORGAN CHASE BANK, N.A.,
as successor in interest for WASHINGTON
MUTUAL BANK, FA; CALIFORNIA
RECONVEYANCE COMPANY, INC.,        ORDER

      Defendants.
                               /

       This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On May 21, 2012, defendants filed a motion to dismiss plaintiff's complaint and noticed the motion for hearing on July 11, 2012. Dckt. Nos. 4, 9. The hearing on the motion was continued to August 22, 2012 due to plaintiffs' failure to respond thereto, and plaintiffs were ordered to show cause why this action should not be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. Dckt. No. 12.

       However, on August 8, 2012, plaintiffs filed a request to voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Dckt. No. 14. Plaintiffs

1

contend that they "are currently exploring other means of resolving the issues," and that if the issues are not resolved, they desire to obtain counsel. *Id.* at 1, 2.

Because defendants have not filed either an answer or a motion for summary judgment, the court construes plaintiff's August 8, 2012 request to voluntarily dismiss this action as a notice of dismissal made pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I), which deprives this court of jurisdiction over the action. *See* Fed. R. Civ. P. 41(a)(1)(A) ("[T]he plaintiff may dismiss an action without a court order by filing . . . (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."); *see also* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice [of dismissal] states otherwise, the dismissal is without prejudice."). Dismissal under this rule requires no action on the part of the court and divests the court of jurisdiction once the notice of voluntary dismissal is filed. *See, e.g., United States v. Real Property Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1145 (9th Cir. 2008). In light of that dismissal, the Clerk is directed to close this case.[1]

SO ORDERED.

DATED: August 14, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the case closure, the August 22, 2012 hearing on defendants' motion to dismiss is vacated.